1  CATHERINE CORTEZ MASTO
   Attorney General
2  JANET E. TRAUT
   Senior Deputy Attorney General
3  Nevada Bar No. 8695
   Bureau of Litigation
4  Personnel Division
   100 No. Carson St.
5  Carson City, NV 89701-4717
   Tel: 775-684-1196
6  Fax: 775-684-1145

7  Attorneys for Defendants Donald Helling,
   Howard Skolnik and the Nevada Department
8  of Corrections

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES KELLY, | Case No. 3:10-CV-266-RCJ-RAM |
| Plaintiff, | |
| v. | **STIPULATION TO DISMISS WITH PREJUDICE** |
| DONALD HELLING, et al., | |
| Defendants. | |

Plaintiff, James Kelly, by and through counsel Jeffrey A. Dickerson, Esq., and Defendants, Don Helling, Howard Skolnik, and the Nevada Department of Corrections, by and through counsel, Catherine Cortez Masto, Attorney General of the State of Nevada, and Janet E. Traut, Senior Deputy Attorney General, hereby stipulate that the Complaint in the above-captioned matter be dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1).

///
///
///
///
///
///
///

## CONCLUSION

This Stipulation is based upon settlement reached by the parties in this matter. Each party shall bear his own attorney's fees and costs.

Dated this 24 day of August 2011.

_____
JEFFREY A. DICKERSON, Esq.

*Counsel for Plaintiff*

Dated this 24th day of Ausgust 2011

CATHERINE CORTEZ MASTO
Attorney General

By: _____
JANET E. TRAUT
Senior Deputy Attorney General
Bureau of Litigation
Personnel Division

*Attorneys for Defendants*

IT IS SO ORDERED

_____
UNITED STATES _____ JUDGE

Dated: August 30, 2012

CATHERINE CORTEZ MASTO
Attorney General
JANET E. TRAUT
Senior Deputy Attorney General
Nevada Bar No. 8695
Bureau of Litigation
Personnel Division
100 No. Carson St.
Carson City, NV  89701-4717
Tel: 775-684-1196
Fax: 775-684-1145

*Attorneys for Defendants Donald Helling,
Howard Skolnik and the Nevada Department
of Corrections*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES KELLY, | Case No. 3:10-CV-266-RCJ-RAM |
| Plaintiff, | |
| v. | **SETTLEMENT AGREEMENT** |
| DONALD HELLING, et al., | |
| Defendants. | |

In consideration of the covenants and conditions contained herein, Plaintiff JAMES KELLY (hereinafter EMPLOYEE), by and through counsel, JEFFREY A. DICKERSON, Esq., and Defendants STATE OF NEVADA, ex rel. ITS DEPARTMENT OF CORRECTIONS (hereinafter EMPLOYER), by and through counsel, JANET E. TRAUT, Senior Deputy Attorney General, hereby stipulate and agree as follows:

1. The Effective Date of this Settlement Agreement (hereinafter referred to as "Agreement") shall be August 27, 2010.

## RECITALS

2. On March 24, 2010, EMPLOYEE filed a civil rights action against Defendants in the First Judicial District Court, entitled *James Kelly v. Donald Helling, Harold Skolnik, and the State of Nevada ex rel. Its Department of Corrections*, 10-TRT-00024-1B. EMPLOYER removed the case to federal court as the instant matter, *Kelly v. Helling, et al.*, 3:10-CV-266-RCJ-RAM (the Action). The case alleged violations of the Rehabilitation Act, the Fair Labor Standards Act, the First Amendment and Title VII, and 42 U.S.C. § 1983 related to EMPLOYEE'S use of alcohol while on duty at the Northern Nevada Correctional Center.

3. Simultaneously, EMPLOYEE was pursuing an administrative appeal of his

termination from state service, during which his termination was reversed and he was restored to his position. Subsequent discipline remained outstanding.

4. The parties have engaged in settlement negotiations and have agreed on following terms.

### SETTLEMENT TERMS

NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS AND PROMISES HEREINAFTER SET FORTH, AND IN OR TO RESOLVE LITIGATION, IT IS AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

5. EMPLOYER agrees to amend the NPD-41 SP-1008N to reflect a 5-day suspension and a transfer as a Correctional Lieutenant to Warm Springs Correctional Center. The narrative related to the events of November 10, 2009 shall be amended as agreed in the conference.

6. EMPLOYEE agrees that he will dismiss the Action with prejudice.

7. EMPLOYEE agrees to hold EMPLOYER, and its agents and employees, harmless from any action which may result from the implementation of this Agreement.

8. The amount of One Thousand Five Hundred Dollars ($1,500.00) shall be paid by EMPLOYER upon the execution of this Agreement and the dismissal of the Action with prejudice.

9. EMPLOYEE agrees, and his counsel's signature on this Agreement shall constitute such agreement, that in consideration for EMPLOYER entering this Agreement, EMPLOYEE will waive any and all of the following rights pertaining to the underlying Specificity of Charges and his 5-day suspension from state service: (1) Any and all appeal or grievance rights set forth in NRS Chapter 284 and/or NAC 284. (2) EMPLOYEE agrees this Action may be dismissed with prejudice. (3) Also, EMPLOYEE agrees to waive any and all equitable, legal, and/or administrative rights and/or causes of action he may have against EMPLOYER and any of its employees, agents, independent contractors, etc., up to and including the effective date of this settlement agreement. The only type of action EMPLOYEE may bring in the future if necessary is a cause of action for breach of this settlement agreement.

10. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. This Agreement is not to be deemed or construed as an admission of liability or wrongdoing on the part of either party.

12. The terms of this Agreement are contractual and not a mere recital. The terms and conditions of this Agreement shall be binding on all parties and the signatures of the parties on this Agreement constitute acknowledgement and acceptance of the terms and conditions of this Agreement.

Office of the Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

13.     The Parties agree that this Agreement shall be construed in accordance with the laws of the State of Nevada, and shall be interpreted as if drafted by both Parties.

14.     This Agreement is entered into as the resolution of all claims among the parties. EMPLOYEE hereby releases, discharges, and waives any right, including but not limited to, unemployment compensation, back pay, and any other claim or entitlement related in any way to his employment arising out of any of the facts or incidents which gave issue to the Agreement which EMPLOYEE may have against EMPLOYER, its employees, and agents not specifically referred to in this Agreement. This release is full and complete and EMPLOYEE'S signature on this Agreement constitutes a full waiver, release, and relinquishment of any and all claims, rights, or entitlements arising out of the facts and incidents which led to this Agreement.

15.     If any non-material provision contained in this Agreement is held to be unenforceable by a court of law or equity, this Agreement shall be construed as if such provision did not exist and the non-enforceability of such provision shall not be held to render any other provision or provisions of this Agreement unenforceable.

16.     In making this Agreement, it is understood and agreed that EMPLOYEE specifically warrants and represents that in doing so, EMPLOYEE was fully advised of his right to be represented by legal counsel of his own selection and given the opportunity to do so before entering into this Agreement, and EMPLOYEE is fully familiar with all of the circumstances surrounding the incident from which this Agreement arises, and in executing this Agreement, EMPLOYEE does so relying wholly upon his own judgment and that of a representative of his choosing, and that EMPLOYEE has been in no way influenced whatsoever in making this Agreement by any representation or statement whatsoever regarding the matters set forth herein, or any other matter made by any person, individual, or any agent, employee or servant of EMPLOYER, who is hereby released, or by any persons representing any of them, or by any attorney employed by any of them.

17.     This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties hereto pertaining to the subject dispute.

Dated: 8/24/11

Jeffrey A. Dickerson, Esq.
Counsel for James Kelly

CATHERINE CORTEZ MASTO
Attorney General

Dated: 8-24-11

JANET E. TRAUT
Senior Deputy Attorney General
Attorneys for Nevada Department of Corrections

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

H:\My Documents\Personnel\Kelly, J 1983\Caption!.DOC

3